## Taylor *against* Wells.

The captain, who was part owner of a steamboat, took flour on freight, and also undertook to sell it; and, after selling it, failed to account for the proceeds to the freighter: the owners are not bound by his contract, in the absence of proof that he had express authority from them, or implied authority from the usage of trade, to act as factor.

WRIT of error to the court of common pleas of *Alleghany* county.

This was an action of *assumpsit*, brought by George Wells, the defendant in error, against the plaintiffs in error, Linton Rogers, George W. Taylor, impleaded with Hiram Kauntz, Jacob Harbaugh and David Moody, owners of the steamboat Lark, to recover the value of fifty barrels of flour, which were received from the plaintiff below on board the boat by Kauntz, the captain and part owner, who failed to render an account of the disposition or proceeds of the property.

The plaintiff below gave in evidence, on the trial, articles of agreement, showing the ownership of the defendants. Amongst other things, it is stipulated that " each owner shall draw his equal share of the profits of the running and work done by her, according to the amount of stock which he may hold." There is nothing in the arti-

III.—I

[Taylor v. Wells.]

cles in relation to the authority of the captain, or to the owners' liability for his acts.

The account, and a receipt for the flour by Kauntz, were offered in evidence, and objected to by the defendant's counsel. The objection was overruled, and an exception sealed.

Samuel M'Donald, a witness on behalf of the defendants below, testified that he was the clerk on board the Lark. He did not know of any partnership between the defendants except as owners of the boat. They did not do business together as merchants. The fifty barrels of flour were got by Kauntz from Wells. The other owners of the boat had no knowledge of the transaction. Witness did not know of the owners of the boat giving Kauntz authority to purchase flour or any other commodity. The flour was not purchased for the use of the boat, and was not used on board the boat. It was taken to Louisville. The witness did not know to whom it was there sold, or given. When the flour was got, the witness had been on board two or three weeks. The flour was sold by Kauntz. Witness did not know at how much per barrel. Kauntz stated he purchased mackerel with the price of it. The boat had not full freight without the flour. There was no entry in the boat book showing what became of the flour. Wells had more or less freight every trip.

The court below charged the jury, that the contract or agreement of Kauntz, the captain and part owner, was binding upon all the defendants, without regard to the custom or course of trade; and this direction was the error complained of.

*Burke*, for the plaintiffs in error.

The court below considered the owners of the steamboat answerable for the act of one of them, who had made a purchase not for the use of the boat. The captain, Kauntz, who was also a part owner, gave the receipt for the flour in his own name. We contend that the ownership of a boat is a limited partnership; and if the act of one of the partners be not within the agreement between them—if it be not in the ordinary course of the business of the vessel—no liability attaches to the rest. Here the object, or business of the boat was to carry freight. The partners were to divide the profits of the running and work done by the boat. The plaintiff below offered no testimony to show that the partnership was a general one. One witness, to be sure, was called to prove that it was the custom for captains of steamboats to take freight to sell. But another witness testified that such was not the custom. On the point, as to what was the custom, there was no further testimony given. We proved that the purchase was not made by the defendants' authority, who are part owners of the boat but not partners in trade, but by Kauntz, the captain, in his individual capacity. Kauntz exceeded his authority. Where there is a limited partnership, a contract out of it, made by one, does not bind the other partners. Livingston v. Roosevelt, 4 *Johns.* 251. The part owner of a ship cannot insure for the rest.

[Taylor v. Wells.]

3 *Stark. Ev.* 1074, *d.* The admission of one part owner does not bind another. Passmore *v.* Bonsfield, 2 *Stark. N. P.* 64 ; also found in 2 *Eng. Com. Law Rep.* 297. A partner cannot enter into any engagement binding the firm, unconnected with, and foreign to, the partnership. It is otherwise where previous authority or subsequent approbation is shown : neither of which incidents belongs to this case. See opinion of Judge Duncan in Sutton et al. *v.* Irwine et al., 12 *Serg. & Rawle* 15, which refers to Ex parte Burrows, 8 *Ves. Jun.* 540.

*Fetterman,* for the defendant in error.

It is customary for captains either to purchase or to receive property on commission. The latter was the transaction in the present case. The evidence shows there was not a full freight. The usage is for the captain, in such a case, to buy in order to fill the vessel, and to sell and credit the proceeds to the boat or its owners. We believe we might, with safety, rest this case on the ground taken in the charge of the court below, although we could show the custom to be as we contend. Kauntz was the captain and agent of the owners. He was so held out by them to the world. They entrusted him with the care and management of the boat. His acts were, therefore, binding on them, and evidence of his declarations was properly received. *Story's Abbot,* 76, 81, 82 ; Scottin *v.* Stanley et al., 1 *Dall.* 129 ; Maldon *v.* Whitlock, 1 *Cowen* 290; Schermerhorn *v.* Loines, 7 *Johns.* 311 ; Emery *v.* Hersey, 4 *Greenleaf* 407 ; Kemp et al. *v.* Coughtry et al., 11 *Johns.* 107.

*Burke,* in reply.

The cases referred to on the other side, do not disturb the principles for which we contend. Here there was no positive evidence of the usage of trade. The testimony of Davis and that of Allen, the only witnesses examined on this point, was contradictory. If evidence had been given, showing that the custom was such as the other side have asserted, the case in 4 *Greenleaf* 407, would be applicable ; but not otherwise. Wells claims for an actual sale to the captain. The receipt, which has been accidentally mislaid, was signed by Kauntz. The captain, we repeat, in making the purchase, went beyond the limits of his authority, as the boat was confined to the mere business of freighting.

The opinion of the Court was delivered by

ROGERS, J.—This was a suit to recover the value of fifty barrels of flour from the defendants, who were joint owners of the steamboat Lark. The flour was shipped at Wellsburgh, to be carried to Louisville, where it was sold by the captain of the boat, who was one of the joint owners. The evidence is by no means clear as to the real nature of the transaction. Whether it was a sale to Kauntz, or a shipment on freight to Louisville, with power to the captain to sell,

[Taylor v. Wells.]

does not clearly appear; but whether it is one or the other, the result of the legal principle will be the same. It was the opinion of the court that, independent of an alleged custom, the contract of Kauntz, as captain and part owner, was binding on all the defendants, without evidence showing the custom or. course of trade. From this opinion we dissent, without expressing any opinion as to the case if this should be found by the jury the usual or ordinary course of trade. It is a general principle that the owners are bound by every lawful contract made by the master relative to the usual employment of the ship. If therefore the master had authority to make the contract in question, the owners are bound by it, although made without their particular knowledge. In Colt et al. *v.* M'Mechen, 6 *Johns. Rep.* 160, and Elliott *v.* Rossell, 10 *Johns. Rep.* 1, it is decided, that the owners of vessels employed in the transportation of property are considered as common carriers. The employment of a common carrier, as such, is to transport property from one place to another, with the strictest responsibility as to its safe delivery; but this does not include *ex vi termini* power to sell. If their agent therefore undertake, further than this, to become the factor, and, as such, make sale of the goods, the owners are not liable for his faithful performance of the trust. And what is the case before us? The plaintiff, Wells, ships fifty barrels of flour at Wellsburg in Virginia, to be transported to Louisville in Kentucky, for the customary freight. In addition to which the captain undertakes to sell the property for Wells, and account with him for the proceeds, a contract which he fails to perform. On the arrival of the boat at Louisville, the contract of the common carrier is at an end, and a new relation commences between the master and freighter, viz. that of factor and principal. As factor, he is accountable to the freighter, and to him in that character must the shipper resort for a breach of the contract. Kemp et al. *v.* Coughtry et al., 11 *Johns. Rep.* 107, is founded on the usage of trade between the cities of New York and Albany. The witnesses proved a special usage, by which the captain acted not only as a common carrier, but as a factor, and on the ground of the usage, the court decided that the owners were liable. It must be recollected that this case is decided on the principle that the owners are common carriers, who have given neither an express authority to the captain to act as factor, nor is such an authority, so far as we know, to be implied from the ordinary course of trade on the river.

Judgment reversed, and a *venire de novo* awarded.